UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ERNIE PETE ORTEGA, ) | |
| Plaintiff, ) | 2:11-cv-00890 JWS |
| vs. ) | ORDER AND OPINION |
| UNKNOWN VICKLUND, ) | [Re: Motions at Docket 140, 145] |
| Defendant. ) | |

At docket 140, Plaintiff Ortega filed a "Notice to the Court." In that notice, Ortega requests a 30-day extension of time for submitting trial exhibits and an extension of the trial date. At docket 145, Ortega filed a motion again requesting an extension of time for submitting trial exhibits. At docket 150, Defendant Vicklund filed a response in opposition to both docket 140 and docket 145. Plaintiff Ortega filed a reply at docket 159.

Plaintiff Ortega requests that he be granted additional time in which to file trial exhibits and an extension of the trial date because the Arizona Department of Corrections ("ADC") lost his property when they transferred him to a different unit in 2012. He alleges that the lost property includes thirty-six books he needs to prepare for trial. He does not provide details regarding these lost books. He argues that an internal ADC appeal is still pending related to reimbursement and that he needs

-1-

additional time to prepare exhibits.  Defendant Vicklund argues that all grievances regarding the loss of property has been resolved and that there was no evidence that the lost property consisted of the specific books Ortega needs for exhibit preparation, that the defendant had anything to do with the loss of property, or that the officers involved were attempting to hinder Ortega's lawsuit.

The court agrees with the reasoning set forth in Defendant Vicklund's response. Rule 106 of the Federal Rules of Evidence is not applicable here, and Plaintiff Ortega has not submitted sufficient reason to allow an extension of time to submit exhibits or to move the trial date.  Based on the record before the court, Ortega's grievances with ADC related to the loss of property have been resolved.  Ortega was allowed to submit receipts in order to obtain reimbursement for any lost property and no officer misconduct was found.[1]  There is nothing to show that the lost property included the specific books that Ortega seeks to use at trial, and Ortega has not sufficiently explained why such books are necessary for trial or why he cannot replace the books while pursuing reimbursement.  This case has been pending since May of 2011 and any additional delay is unwarranted given the need for resolution.

Plaintiff's motions at docket 140 and 145 are therefore DENIED.

DATED this 2nd day of January 2014.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[1] Doc. 159 at pp. 19, 23.